UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUATISHA MARSHALL and ART ARCANGELO, individually, and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KRONOS INCORPORATED,<br><br>Defendant. | Case No. 19-cv-1511 |

## NOTICE OF REMOVAL

Defendant Kronos Incorporated ("Kronos") hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

### I.     STATE COURT ACTION

On February 1, 2019, Plaintiffs Quatisha Marshall and Art Arcangelo, on behalf of themselves and all others similarly situated ("Plaintiffs"), commenced this action in the Circuit Court of Cook County, Illinois titled *Quatisha Marshall and Art Arcangelo v. Kronos Incorporated*, No. 2018 CH 12300, by filing an Amended Complaint adding Kronos as a Defendant. Kronos was served with copies of the complaint and summons on February 6, 2019. *See* Ex. 1 (complaint and service confirmation).

Kronos' counsel has filed a notice of appearance in the state court action. *See* Ex. 2. No substantive matters have been addressed, nor have any motions been heard.

The Complaint alleges that Kronos "captured, collected, stored, and/or used Plaintiffs' and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA." *See* Ex. 1 ¶ 50. Based on these

allegations, Plaintiffs assert one claim for violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA"). Ex. 1 ¶¶ 45-58.

Plaintiffs' proposed class of similarly situated individuals include "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period," *id.* ¶ 36. Plaintiffs also allege that "members of the Class [are] so numerous that joinder of all members is impracticable," *id.* ¶ 38. In their prayer for relief, Plaintiffs seek (1) class certification; (2) injunctive and equitable relief, (3) statutory damages, (4) attorneys' fees and costs, and (7) pre- and post-judgement interest. *Id.* p. 13.

## II. GROUNDS FOR REMOVAL

### A. This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

Section 1441(a) of the United States Code allows for the removal of "any civil action brought in State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the District Courts of the United States have original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts jurisdiction over most class actions in which: (1) the proposed number of class members is 100 or more; (2) the parties are minimally diverse; and (3) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d). All three requirements are met in this action, and for the reasons below, this matter is removeable.

2

### 1. The putative class consists of 100 or more persons.

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiff moved for class certification pursuant to Illinois state law, which permits "[a]n action [to] be maintained as a class action . . . if (1) [t]he class is so numerous that joinder of all members is impracticable[,] (2) [t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) [t]he representative parties will fairly and adequately protect the interest of the class[, and] (4) [t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Illinois Cent. R.R. Co.*, 860 N.E.2d 332, 338 (Ill. 2006). The statute is therefore a "similar State statute" under CAFA.

Additionally, Plaintiffs seek to represent "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the state of Illinois any time within the applicable limitations period," Ex. 1 ¶ 36. Plaintiffs also allege that they bring this action on behalf of themselves and "thousands of other individuals throughout the state of Illinois." *Id.* ¶ 13; *see also* Ex. 3 (moving to certify proposed class). As alleged, the class consists of thousands of members, making this action a putative class action in which the aggregate number of proposed class members is 1,000 or more.

### 2. The parties are minimally diverse.

The parties in this action are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

3

Plaintiffs are residents and citizens of Illinois, *see* Ex. 1 ¶¶ 17, 18, and Defendant is not. Kronos is incorporated under the laws of Massachusetts and its principal place of business is in Lowell, Massachusetts, *see* Ex. 4 (identifying headquarters address on Massachusetts Secretary of the Commonwealth website). Kronos is therefore only a citizen of the state of Massachusetts for purposes of diversity jurisdiction. *See* U.S.C. §1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Therefore, the parties are minimally diverse under CAFA.

       **3.**    **The amount in controversy exceeds $5,000,000**.

CAFA jurisdiction requires the matter in controversy to exceed $5,000,000, exclusive of interest and costs—aggregating the putative class members' claims. 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Plaintiffs allege that Kronos willfully and/or recklessly violated BIPA, each instance of which is subject to $5,000 in statutory damages. *See* Ex. 1 ¶¶ 50, 58. Plaintiffs also allege that they bring this action on behalf of themselves and "thousands of other individuals throughout the state of Illinois." *Id.* ¶ 13. Multiplying $5,000 by just 1,000 is $5,000,000. As such, the amount in controversy in this case will easily exceed the threshold requirement, giving a federal court jurisdiction over this matter. *See, e.g., Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

       **B.**    **CAFA exceptions do not bar removal.**

Sections 1332(d)(4), (d)(9), and 1453(d) of the United States Code list exclusions to removal jurisdiction. This action does not fall within those exclusions.

Section 1332(d)(4) of the United States Code bars district courts from exercising jurisdiction over a class action when, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Section 1332(d)(4)(B) similarly excludes from district court jurisdiction cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This action does not fall within the exclusions to removal jurisdiction described in these sections because Kronos, the only defendant in this action, is a citizen of Massachusetts and is not a citizen of Illinois. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

Likewise, jurisdiction is not barred in this action because the exceptions in Sections 1332(d)(9) and 1453(d) apply to matters that arise under the Securities Act of 1933 or the Securities Exchange Act of 1934. This action was not brought pursuant to either of those Acts.

### C. Venue is Proper.

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Cook County. *See* 28 U.S.C. § 1441(a).

### D. Kronos has satisfied all other requirements of the removal procedure.

This Notice of Removal is timely filed. Kronos was served with a copy of the First Amended Complaint and Summons on February 6, 2019 and Kronos filed and served this Notice of Removal within 30 days of service of the Complaint, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Kronos, as well as those filed by Kronos on Plaintiffs, are being filed herewith as Exhibits 1-4.

Pursuant to 28 U.S.C. § 1446(d), Kronos will promptly serve on Plaintiffs and file with the Cook County Court a "Notice to Adverse Party of Removal to Federal Court." Kronos will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

### III. RESERVATION OF RIGHTS AND DEFENSES

Kronos hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of Kronos' defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

### IV. CONCLUSION

Kronos respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. Kronos further requests whatever other relief the Court deems appropriate.


Dated: March 1, 2019　　　　　　　　　　Respectfully submitted,

                                                    **KRONOS INCORPORATED**

                                        By:　/s/ *Melissa A. Siebert*
                                                  One of Its Attorneys

Melissa A. Siebert (#6210154)
Erin Bolan Hines (#6255649)
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive
Chicago, Illinois 60606
Tel:  (312) 704-7700
Fax:  (312) 558-1195
Email: masiebert@shb.com
　　　　ehines@shb.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via overnight delivery on March 1, 2019 to:

Myles McGuire
Evan M. Meyers
Jad Sheikali
William PN Kingston
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Floor
Chicago, IL  60601
mmcguire@mcgpc.com
emyers@mcgpc.com
jsheikali@mcgpc.com
wkingston@mcgpc.com

                                                    */s/ Melissa A. Siebert*